to vacate a judgment by confession must be construed most strongly against the defendant.

10. APPEAL AND ERROR, § 1380*—*when denial of motion to vacate judgment by confession is conclusive.* A motion to vacate a judgment entered by confession is addressed to the sound legal discretion of the trial court, whose action in denying it will not be reviewed unless it appears that it has been abused.

---

**John J. Struple, Appellee, v. Frank P. Bishop, Appellant.**

### Gen. No. 21,944.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. DAVID F. MATCHETT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed December 30, 1916.

### Statement of the Case.

Proceeding by John J. Struple, applicant, against Frank P. Bishop, respondent, for compensation under the Workmen's Compensation Act. From a judgment of the Circuit Court quashing a writ of certiorari sued out by respondent and dismissing his petition, respondent appeals.

On July 21, 1913, John J. Struple, while in the employ of defendant, and in the course of his employment, received injuries as a result of a fall from a ladder. Struple claimed that as a result of said accident he lost the sight of his left eye. Defendant contended that Struple's eye was injured long prior to said accident and was practically in the same condition as it had been for a great many years. There was evidence introduced before the Committee on Arbitration and again before the Industrial Board by the parties, tending to support their respective contentions, and

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the Industrial Board found, *inter alia,* that the condition of Struple's eye was the result of said injury, and that under the terms of the Workmen's Compensation Act he had totally lost the use thereof, and awarded him as compensation therefor $10.80 per week for a period of one hundred weeks.

JOHN A. BLOOMINGSTON, for appellant.

J. W. DARCY and M. LEVY, for appellee.

MR. JUSTICE McGOORTY delivered the opinion of the court.

### Abstract of the Decision.

1. WORKMEN'S COMPENSATION ACT, § 13*—*when decision of Industrial Accident Board may not be reviewed.* It is not within the province of the court on certiorari to review a decision of the Industrial Accident Board, or to pass upon the weight or sufficiency of evidence, but it must be determined whether there is any competent or legal evidence to support the decision of such board.

2. WORKMEN'S COMPENSATION ACT, § 13*—*what is effect of decision of Industrial Board.* A decision of the Industrial Board in absence of fraud, if it acts within its powers, is conclusive upon the court.

3. WORKMEN'S COMPENSATION ACT, § 12*—*when evidence tends to show causal connection between accident and loss of eye.* In a proceeding for compensation by an employee for the loss of an eye under the Workmen's Compensation Act, evidence *held* to tend to show causal connection between the accident and the blindness of the eye where there was evidence tending to show that the vision in such eye was good before the accident; that in falling from a ladder from a height of fourteen or fifteen feet his head came in contact with the roof of a shed before descending to the ground; that the second day thereafter he experienced intense pain above the left eye and the left side of his head, and ten or fifteen days thereafter lost the sight of his left eye; that he had had no trouble with such eye prior to the injury in question, and expert evidence tended to show that there could be a loss of sight of the eye from such an accident.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.